(May 24, 1911.)

## GEM IRRIGATION DISTRICT, Respondent, v. J. WALTER JOHNSON, Appellant.

[115 Pac. 924.]

IRRIGATION DISTRICT—GENERAL PLAN OF WORKS—ADOPTION BY BOARD—ISSUANCE OF BONDS.

(Syllabus by the court.)

1. Under the facts of this case, *held,* that the directors of the Gem Irrigation District adopted general plans and specifications for the construction of the irrigation works of the district, and made estimates of the cost of the construction of such works prior to calling the election for the purpose of voting bonds for the construction of said works.

APPEAL from the District Court of the Third Judicial District, in and for Owyhee County. Hon. John F. Mac-Lane, Judge.

Action for approval and confirmation of the proceedings taken for the organization of the Gem Irrigation District and for the issue of the bonds of said district. Judgment by the district court confirming said proceedings. *Affirmed.*

Smith & Scatterday, for Appellant, cite no authorities.

Rice, Thompson & Buckner, for Respondent.

In this district the board is still maintaining the idea of a pumping plant, as was proposed at the inception of the district, and intends to pump water to all the lands included in the district, but over seven thousand acres have been annexed to the district by petition, and it is found beneficial to these lands, and also to the lands originally under the pumping system, to store the waters of Succor creek to supply these lands so added to the district, and also to use its waters in the irrigation of the lands under the pumping system. (*Nampa etc. Irr. Dist. v. Brose,* 11 Ida. 474, 83 Pac. 499.)

SULLIVAN, J.—This is an appeal from the district court of Owyhee county, confirming and approving the issue of certain bonds of the Gem Irrigation District, and the only error relied upon on this appeal is to the effect that the board of directors of said irrigation district failed to formulate a general plan of its proposed operation, as required by law, prior to the bond election.

It appears that on the trial of the case, plaintiff offered a certain exhibit which was marked "Plaintiff's Exhibit No. 4." The exhibit, among other things, states that the report of Edward Hedden, being received by the board of directors of said district, was accepted and ordered filed, and the general plan and other matters contained therein were to be used and embodied in resolutions to be adopted by the said board as the general plan for the proposed operation of the district. The question of formulating a general plan for the proposed operation of the district was discussed by said board, and after consideration a resolution was adopted em-

bodying a general plan for the proposed operation and irrigation of said district, which is included in said exhibit No. 4.    The general plan so adopted by the board ·of directors was called a "hydro-electric system."    The current was to be developed by a power plant situated on Snake river; and the general plan also recites the fact that in addition to the acreage under the pumping plant, there were 7,257 acres above the 160 foot lift, for the irrigation of which it was proposed to build a rock-filled dam 125 feet high in Succor creek, at a point known as the Gesie ranch.

Said general plan embodying said two methods of irrigation was adopted by said board and' an estimate was made, as by law required, of the cost of such plant, which was $2,090,110, included in which were the following two items: "Dam at Gesie ranch, $218,466; ditches under Succor creek reservoir, $229,233."    Said plan was adopted, including a statement of the items making up the total cost at said Gesie ranch dam and the ditches under Succor creek reservoir. After the adoption of said plan, an election was called and the question of issuing said amount of bonds was submitted to the electors of said district and was carried.

It thus appears from the record that the board of directors of said district did formulate a general plan for the proposed construction of said irrigation works before submitting the question of voting bonds to the electors of said district.    There is, therefore, nothing in the contention of appellant that the board failed to formulate such general plan.

The judgment of the district court must therefore be *affirmed,* and it is so ordered.    Costs are awarded to respondent.

Ailshie, Presiding J., concurs.